## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**CLIFFORD ARTHUR NEWMAN**                                     **PETITIONER**
**ADC #151839**

**V.**                          **No. 2:22-CV-188-DPM-ERE**

**DEXTER PAYNE, Director, Arkansas**
**Department of Correction, et al.**                          **RESPONDENTS**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States Chief District Judge D.P. Marshall Jr. You may file objections to all or part of this Recommendation. Objections, if filed, should be specific and include the factual or legal basis for the objection. To be considered, objections must be filed within 14 days.  If you do not file objections, you risk waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

## I.    INTRODUCTION

Clifford Arthur Newman, an inmate at the Grimes Unit of the Arkansas Division of Correction ("ADC"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 2*. He claims that ADC officials have violated his right to due process by failing to transfer him to transitional housing, even though the Arkansas Parole Board ("APB") approved his parole in 2018. Because Mr.

Newman does not have a constitutional right to parole or release to transitional living, his petition should be dismissed with prejudice.

## II.   BACKGROUND

On February 16, 2012, Mr. Newman pleaded guilty to 2 counts of second-degree sexual assault in the Circuit Court of Chicot County, Arkansas.  *Doc. 6-2 at 8*.  He was sentenced to 180 months in the ADC.  Mr. Newman did not appeal.

In October 2018, the APB granted Mr. Newman transfer to Arkansas Division of Community Correction ("ADCC") for supervision.  *Doc. 6-3 at 1*.  Among the conditions for Mr. Newman's release was that he register as a sex offender.  *Id*.  The APB's written record of release consideration states: "All releases are subject to approval of [a] suitable plan."  *Id*.

In January 2019, Mr. Newman applied for transfer to Virginia for parole supervision, but his Interstate Compact Transfer Request was denied by Virginia. In May 2019, Mr. Newman requested placement in a transitional program called Renu Life, but his request was denied because the program was at maximum capacity for level-3 sex offenders.  *Doc. 6-5*.

On October 13, 2022, Mr. Newman filed the § 2254 petition before the Court. He alleges that ADC officials have failed to implement and carry out rules "for the institutional parole officer . . . to help seek outside resolutions . . . to remedy the community release of Petitioner."  *Doc. 2 at 3*.  He argues that the APB's decision

making him eligible for transfer to parole supervision amounted to a contractual agreement that created a protected liberty interest. *Id. at 3*. He contends that making his release dependent on the merits of the release plan that he must develop amounts to a denial of due process. *Id*. Mr. Newman asks the court to compel the ADC to consider other housing options for him or "require the ADC to reconstruct" the conditions of his release. *Id. at 4-5*.

On November 9, 2022, Respondent filed a response (*Doc. 6*), asserting that the petition should be dismissed because Mr. Newman has failed to present a colorable claim that he is in custody in violation of federal law.

On November 28, 2022, Mr. Newman filed, in substance, a reply to the response, arguing that "his rights have been violated by failure to help [him] achieve parole back to the community." *Doc. 8 at 3*. Unfortunately, Mr. Newman mislabeled his response as a notice of appeal to the United States Court of Appeals for the Eighth Circuit, and his filing was docketed accordingly. On January 18, 2023, the Eighth Circuit closed Mr. Newman's "appeal," and transferred his mislabeled reply to this Court for consideration. *Doc. 15*.

Mr. Newman's habeas petition is now ripe for review. For reasons that follow, Mr. Newman's petition warrants no relief and should be dismissed with prejudice.

## III.    DISCUSSION

Mr. Newman claims that he is being unlawfully confined in violation of his right to due process because the ADC has failed to develop a "suitable program" to effectuate his transfer to community custody. *Doc. 2 at 2-3*. The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The Supreme Court mandates a two-step analysis for procedural due-process claims: 'We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so[,] we ask whether the procedures followed by the State were constitutionally sufficient.'" *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (quoting *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S.Ct. 859, 178 L.Ed.2d 732 (2011)).

Protected liberty interests may arise from the Due Process Clause itself or from an expectation or interest created by state laws or policies. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). However, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citing *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)). In addition, "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions."

*Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115, 2007 WL 1655681, at *1 (8th Cir. 2007).

Mr. Newman has no protected liberty interest in being paroled before his sentence expires. It follows that he has no cognizable claim that conditions placed on the grant of his parole and transfer to community custody and related procedures violate the Due Process Clause. Accordingly, he fails to state a cognizable claim for federal habeas relief.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1.    Petitioner Clifford Arthur Newman's § 2254 petition for writ of habeas Corpus (*Doc. 2*) be DISMISSED with prejudice.

2.    A Certificate of Appealability ("COA") be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.[1]

DATED this 21st day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The COA should be denied because Mr. Newman has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).